Randall **RICHARDSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 6515.

United States Court of Appeals
Tenth Circuit.

Dec. 9, 1960.

Norman R. Allenby, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

PER CURIAM.

By motion under 28 U.S.C.A. § 2255, petitioner sought relief from a sentence totalling 40 years imposed by the District Court for the Western District of Oklahoma [1] upon a plea of guilty to five counts contained in a ten-count indictment charging various offenses in violation of the criminal code relating to trafficking in narcotics. The remaining five counts in the indictment were dismissed upon motion of the government. The district court denied relief.

Although petitioner's counsel contends that the imposition of consecutive sentences for the counts to which petitioner pleaded guilty constitutes an invalid sentence in the aggregate he recognizes that such argument is but a subjective expression of his belief in the merit of the dissenting views expressed in Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. We are, of course, bound by the law as it exists. Smith v. United States, 10 Cir., 273 F. 2d 462.

Petitioner also contends that he was denied the effective assistance of counsel at the time of entering plea and that "the record in its totality indicates

---

1. The judge who imposed sentence is now deceased and this motion was heard by another judge in the district.

that the [petitioner] has been deprived of his liberty without due process of law." The record does not support these contentions but reveals only that he has received a sentence which would be generally considered severe when he had anticipated a light sentence in view of his cooperation with federal narcotic agents during the period when he was under indictment. The fact and details of petitioner's cooperation were carefully considered by the sentencing court who indicated he considered the sentence imposed to be lenient and that he could "have given him much more time." Although we may not agree with the sentencing court's apportionment of punishment we are bound by it. Gore v. United States, supra; Smith v. United States, supra.

Affirmed.